UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

------------------------------------X
UNITED STATES OF AMERICA,                :       Criminal No. 21-cr-40 (TNM)

v.

PATRICK MCCAUGHEY III,

        Defendant.                    :       February 5, 2021
------------------------------------X

## MOTION FOR RELEASE ON BOND (Redacted)

The Defendant Patrick McCaughey III respectfully moves that he be released on: (a) a real estate bond secured by a New York property, the total equity of which is approximately $450,000; (b) surety bonds signed by the below individuals in the amount of an additional $250,000.00, and (c) the conditions set forth herein, all of which, if imposed; will ensure that he is not in any way a flight risk nor a danger to the community.[1]

### Legal Standards

"Our system of criminal justice embraces a strong presumption against detention." U.S. v. Hassanshahi, 989 F.Supp.2d 110, 113 (Dist. D.C. 2013) (citing, U.S. v. Hanson, 613 F.Supp.2d 85, 87 (D.D.C.2009)). "In our society liberty is the norm, and detention prior to trial or without trial is the carefully

---

[1] The defendant submits that a Release on Recognizance is sufficient in this case; however, he proposes these substantial conditions in order to assuage any potentially outstanding concerns the Court may have post-hearing. Further, in the event the Court deems this substantial proposal insufficient, the defendant's father can and will provide additional security of up to $150,000 in cash, and he can and will also encumber his real property in Maine, worth approximately $150,000, which parcel he owns free and clear of any liens.

limited exception." Id. (citing U.S. v. Salerno, 481 U.S. 739, 755, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)). "The Bail Reform Act requires that the Court release a defendant if there are release conditions that reasonably assure that the individual will not present a flight risk or a danger to the community." Id. (citing 18 U.S.C. § 3142(b) (2012). "Where detention is based on an individual's danger to other people or the community, a clear and convincing standard applies." Id. at 114 (citing, Hanson, 613 F.Supp.2d at 88).

### Factual Background / Argument

The defendant's recently retained undersigned counsel has not had the benefit of viewing any of the specific evidence upon which the government obtained this Indictment and intends to use to try to prove the defendant's guilt in this matter. However, the following facts seem to be apparent:

(a) Whatever the defendant is alleged to have done on January 6, 2021 at the Capitol building, all indications are that this is a one-time event; i.e., there is no evidence that defendant conspired or in any other way planned with other individuals to attempt to illegally enter the U.S. Capitol, or to try to injure any federal employees, officers, agents, or anyone else;[2]

(b) The defendant travelled to Washington D.C., with his father, in order to exercise his Constitutional right to express his support for then-President Trump and to implore his Representatives in Congress to investigate the many

---

[2] The idea that there was a lack of planning finds some confirmation in the fact that the defendant's somewhat of a *de facto* unindicted coconspirator in this case - former President Trump - was impeached for a second time precisely because it was alleged that he incited otherwise peaceful protestors, such as the defendant, to create violence at the Capitol.

outstanding allegations of election fraud before they voted to certify the electors for President Biden;

(c) There is no evidence that Mr. McCaughey came to this district armed in any way – the alleged weapon in this case is, on information and belief, one of the dozens of plastic police defensive shields that were being passed from the rear of the crowd to the front of the crowd, where the defendant unfortunately had found himself after having split from his father to get a closer view of the Capitol;

(d) Various public snippets of video showing the defendant as he was squeezed next to the alleged victim, who was screaming in apparent pain, are open to highly disparate interpretations, none of which can be shown in any remotely conclusive manner, at least at this stage of proceedings. It is clear, for instance, that after the subject officer had his gas mask ripped from his face by a 3rd party protestor and it was revealed that he was bleeding, Mr. McCaughey could be seen reaching over the plastic shield that separated them in order to engage the eye shield attached to the officer's helmet in order to protect him from further injury. Likewise, it is also apparent by both video and audio recordings that Mr. McCaughey then motioned and called to other federal officers to alert them that this officer was injured and in need of assistance – hardly the behavior of someone who, as it is alleged, had just deliberately tried to harm that same officer. Further, some versions of the video pan back wide enough to see the defendant being pinned forward to the Capitol entryway by what looks like hundreds of protesters;

(e) Mr. McCaughey has no prior involvement in the criminal justice system and has very strong ties to his home in Connecticut. He was born in California but has lived most of his life with his mother in Connecticut. He was staying in New York temporarily at the time of his arrest because he was abiding Connecticut's COVID19 quarantine rules and recommendations and he wanted to protect his mother, having travelled out of state to this district on 1/6/21. A United States citizen, Mr. McCaughey also has German citizenship through is mother, a German national, but he has always resided in this country; and

(f) As the Court can see from the attached Character Letters (Exhibit A), Mr. McCaughey has a reputation as a bright, honorable, upstanding, and nonviolent young member of his community, with a solid work ethic and spirit of selfless service. Even assuming he was guilty of each count in the Indictment, it's clear from both his character and background as well as the unique facts and circumstances of this case, that Mr. McCaughey is not a danger to the community going forward. There is simply nothing in the record to suggest that, should he be released on his own recognizance or under any combination of the substantial conditions proposed below, that he would be a danger to anyone.[3]

---

[3] The defendant was working for his father's construction company before business basically stopped for most of 2020 due to the pandemic. Things appear to be loosening up and the defendant's father is about to start a project that will last the better part of a month, or longer; the defendant, if released, will be working with his father on that project and going forward. (See, Exhibit B).

### Proposed Conditions of Release

The defendant submits the following proposed conditions of his release:

1. Ms. Ulrike Fein-McCaughey, the defendant's mother and the person with whom the defendant was residing at the time of his arrest, is prepared to act as Mr. McCaughey's 3rd Party Custodian and to sign an unsecured bond as a surety for $250,000.00.

    **Ulrike Fein-McCaughey (Mother) (Third Party Custodian & Surety)**

2. Mr. Patrick McCaughey, III, father of the Defendant, will pledge as security, at minimum, his real property known as ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, in which he has confirmed equity of approximately $450,000.00. If necessary, he is also prepared to post up to $150,000.00 in cash for bond, as well as accept a lien for his full equity stake, in favor of the government, on a property he owns free and clear, in Maine, worth approximately $150,000.00.

    **Patrick Edward McCaughey III[4] (Father) (Real Estate lienee & Surety)**

---

[4] Due to an error when the defendant's mother registered the defendant with state authorities at birth, the defendant was given the same identical name as his father, instead of being properly named Patrick Edward McCaughey the IV.

3. Though counsel believes it entirely unnecessary given the unique circumstances of the alleged offense, as well as the defendant's 23-year stellar history both before and after January 6, 2021, the defendant will wear an electronic monitoring / GPS device and be subjected to curfew or even home confinement if deemed necessary the Court.

4. The defendant shall be required to seek and obtain employment as soon as possible.

5. The defendant's travels are to be limited to the District of Connecticut, the Southern District of New York, and to and from the within District for physical court appearances herein.

6. The defendant shall surrender – either to his attorney or the Clerk of Court – any passports in his name and possession.

7. The defendant agrees to such other terms and conditions as the Court deems appropriate for his release.

Dated:   Stamford, Connecticut
         February 5th, 2021

By: _____

Lindy R. Urso
Attorney at Law
Bar No.: ct 20315
810 Bedford Street, Suite 3
Stamford, CT 06901
Tel: (203) 325-4487
Fax: (203) 357-0608
Email: lindy@lindyursolaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed and served electronically on all parties of record, on this 5th day of February in the year of our Lord 2021.

_____
Lindy R. Urso