UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
| UNITED STATES OF AMERICA, | : | Criminal No. 21-cr-40 (TNM) |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| PATRICK MCCAUGHEY III, | : | |
| | : | |
| Defendant. | : | March 25, 2021 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**OPPOSITION TO GOVERNMENT'S MOTION TO
CONTINUE AND REQUEST FOR "COMPLEX" DESIGNATION**

For the reasons that follow, the defendant respectfully opposes the government's the government's written Motion to Continue and oral request that this case be designated as "complex" for purposes of the Speedy Trial Act, 18 U.S.C. 3161 *et seq*.

The government argues that the defendant's case is a part of what is likely "one of the largest investigations in US history;" another way to describe it is that it is a part of the largest political witch hunt in Department of Justice (DOJ) history. There is no public outcry demanding that the government continue to comb through every snippet of video from January 6, 2021 seeking out people to indict. To the contrary, the vast majority of the population is surely ready to move on from the prior four (4) years of unprecedented political division. The reasons cited by the government for wanting this particular case continued and designated as "complex" are not only of little relevance to this particular indictment, but they are based upon circumstances virtually all created by their own highly irregular, politically charged, discretionary choices.

The DOJ almost always conducts its criminal investigations over a period of months or even years before a single arrest is made. Thereafter, when all suspects have been identified and all pertinent evidence acquired, it then seeks arrests and indictments.

No doubt this process has been developed and followed in order to comport with the strictures of the Speedy Trial Act, 18 U.S.C. 3661 *et seq*.

In this case, the government is, of its own volition, conducting and expanding its investigation of the events of January 6 in a piece-meal fashion. The government has arrested Mr. McCaughey and now, after aggressively and thus far successfully seeking his pretrial detention, it wants him to wait for his trial while it continues to (a) find other people to arrest, and (b) seek out more evidence against Mr. McCaughey. This claim, that Mr. McCaughey must sit in prison because the government's investigation is ongoing, is not only of little moment, but it's chilling; the federal government has arrested a 23-year-old otherwise solid citizen and insisted on his incarceration, and now they want the Court to tell him to wait patiently while the government attempts to build a case against him and others? That is simply not how our system is designed to work, particularly in light of the Speedy Trial Act. 18 U.S.C. §3161 *et seq*.[1]

Moreover, and contrary to the government's assertions in its written motion and during the March 12, 2021 status conference, there is nothing complex about this particular indictment at all. To the contrary, the alleged crimes are essentially captured on 2-3 minutes of videotape and the subject events occurred in a specific, small tunnel leading to a Capitol entryway. Despite three (3) separate official charging instruments against the defendant – the Complaint, Indictment and now a Superseding Indictment –

---

[1] The defendant, who is presumed innocent, ought not be made to suffer from the government's exercise of this prosecutorial discretion, or lack thereof, both in searching out so many people to charge, and in seeking detention of young men like this defendant, who have never even jaywalked prior to 1/6/21. And it would take some sizable intellectual blinders to not recognize the elephant (or, perhaps, donkey) in the room: that these discretionary choices are being driven largely by political animus for the former President and anyone who supported him.

not once has the government alleged that Mr. McCaughey was a part of any conspiracy with any of the hundreds of other protestors who have been arrested or are being investigated.  Thus, it is highly doubtful that the government will need the "system for storing and searching, producing and/or making available voluminous materials accumulated across hundreds of investigations," that it referred to in its written motion, in this particular case.

In short, a trial in this case depends only on the government turning over to the defendant the various surveillance and body camera recordings from that West Tunnel area during a relatively short period of time, along with standard witness statements, names, grand jury testimony, etc., along with Giglio, Jencks, Brady, and other materials generally required under 18 U.S.C. 3500 and Fed.R.Crim.P. 16 and 26.2.  The government is already benefiting from the delays that are being caused by the SARS-CoV2 pandemic; it ought not be allowed to compound the delay in Mr. McCaughey's trial due to its use of its own prosecutorial discretion.

For those reasons, we object to the government's requests for Continuance and for designation of this case as "complex."

Dated: Stamford, Connecticut
March 27, 2021

                                                  Respectfully submitted,

By: *Lindy R. Urso*
Lindy R. Urso (ct 20315)
Attorney at Law
810 Bedford Street, Suite 3
Stamford, CT 06901
(203) 325-4487
(203) 357-0608 (fax)
lindy@lindyursolaw.com

## **CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was filed and served electronically by ECF on all parties of record, on this 27th day of March in the year of our Lord 2021

*Lindy R. Urso*
Lindy R. Urso