# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | No. 21-cr-00040 (TNM); |
| | : | |
| **PATRICK EDWARD MCCAUGHEY III,** | : | |
| Defendant. | : | |

## GOVERNMENT'S SUPPLEMENT TO OPPOSITION TO MOTION FOR RELEASE ON BOND

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Supplement to its Opposition to Defendant's Motion for Release on Bond, to correct the record and to address factual errors advanced in the Defendant's "Reply to Government's Opposition to Motion for Release on Bond," filed on April 14, 2021. The United States respectfully requests that the following points and authorities, as well any other facts, arguments and authorities presented at a hearing, be considered in the Court's determination of whether to reopen the detention hearing and to release the defendant.

**1.   Where the Defendant Has Used a Dangerous Weapon, § 111(b) Does Not Require Proof that He Intended to Injure His Victim**

In its Opposition, filed on April 7, 2021, the United States indicated that under 18 U.S.C. § 111(a)(1) and (b), one of the elements that the government must prove is that the defendant intended to inflict bodily injury. *See* § 111(a)(1) and (b); *United States v. Arrington*, 309 F.3d

1

40 (D.C. Cir. 2002); (ECF No. 30, at 10-11). This statement unintentionally failed to address the nuances of § 111(a)(1) and (b), which provides for two independent methods of proving a violation of the statute.

The first way in which the United States may prove a violation of § 111(b) is by demonstrating that the defendant: (1) forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer; (2) did so intentionally; (3) used a deadly or dangerous weapon in the commission of the act; and (4) used the weapon intentionally. *See* § 111(a)(1) and (b); *United States v. Arrington*, 309 F.3d 40, 46-47 (D.C. Cir. 2002). In this first method of proving a violation of § 111(b), there is no requirement that the defendant have actually injured his victim, nor is there any requirement that he intended to injure his victim. With respect to the use of a weapon, even typically non-dangerous objects may be deemed a "deadly or dangerous weapon" if used in a manner capable of causing serious bodily injury or death to another person. *Id.*; *see United States v. Chansley*, No. 21-cr-0003-RCL (Slip Op. at 7, March 8, 2021) (finding a dangerous weapon where the defendant argued that he merely carried a "flagpole" with a "spear finial" into the Capitol building), *citing United States v. Rocha*, 598 F.3d 1144, 1154 (9th Cir. 2010). Based upon the current state of the evidence, the United States expects to rely on these elements to prove that defendant McCaughey violated § 111(b). As addressed in its Opposition, neither actual injury nor pain is required under the statute. (ECF 30, at 10-11).

The second and alternative way in which the United States may prove a violation of § 111(b), is by demonstrating that the defendant: (1) forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer; (2) inflicted bodily injury; and (3) intended

2

to inflict bodily injury. *See Arrington,* 309 F.3d at n.4, n.7. This alternative method of proving a violation of the statute is consistent with the text of the statute, which imposes an enhanced penalty for those who use "a deadly or dangerous weapon…*or* inflict[] bodily injury…" § 111(b). The two methods of proving § 111(b) are independent and provide alternative paths for demonstrating a violation. *See Gray v. United States*, 980 F.3d 264, 268 (2d Cir. 2020). At this juncture, the United States does not expect to rely on this method of proving a violation of the statute with respect to defendant McCaughey.

### 2. The Defendant's Arguments Appear to Be Based Upon Speculation Rather than on Facts or Evidence

In both his initial Motion (ECF No. 28) and Reply (ECF No. 35), the defendant proffers purportedly factual assertions that the United States submits are factually inaccurate. The defendant also offers argument that appears to be based upon speculation rather than actual evidence. Rather than attempt to address each of the individual misstatements, the United States resubmits Exhibits 1-4, which are video recordings played for the Court during the initial detention hearing on February 12, 2021.[1] The exhibits constitute the best evidence of defendant McCaughey's conduct on January 6, 2021, and form the basis for the charges against him.

### 3. The Defendant's Reliance on *Klein* is Misplaced

Defendant McCaughey additionally relies on the recent decision in *U.S. v. Klein*, to support his request for release. *See* 21-cr-236-JDB, April 12, 2021, (ECF No. 29). The defendant's reliance is misplaced, particularly where the *Klein* court specifically distinguished the conduct of defendant Klein compared to that of defendant McCaughey. In finding that Klein's

---

[1] The United States has previously provided these videos to the defendant as part of discovery and will provide the video exhibits to Chambers via DVD, or other method specified by the Court.

3

conduct was less violent than that of other rioters, the Court specifically referenced the more severe violence displayed by defendant McCaughey, saying "the type of force [exerted by McCaughey] is of a different magnitude than Klein's." 21-cr-236-JDB, April 12, 2021 (ECF No. 29, 22-23).[2]

The defendant also urges the court to release him because, according to him, he is the "ONLY defendant alleged to have been at the 'front of the line' in the West tunnel who is currently being detained." (Def's Reply, ECF No. 35, 14). This is a misreading of what transpired during the April 9, 2021, detention hearing in *Klein* and, more importantly, ignores that the United States has consistently requested detention for rioters charged with violently assaulting officers. During the April 9, 2021, hearing in *Klein*, the Court specifically inquired as to whether counsel was aware of other rioters in the Lower West Terrace tunnel who were also detained.[3] Counsel informed the court that they did not have readily available a list of detained defendants who were being prosecuted by other AUSAs, but could only speak to those limited matters of which they were personally aware at the time of the hearing.

In the week since that hearing, counsel has identified 15 defendants, in addition to defendant McCaughey, who are charged with assaulting officers in and around the Lower West Terrace, and who are currently detained. This includes: *United States v. Jeffrey Sabol*, 21-cr-35-EGS-1; *United States v. Peter Stager*, 21-cr-35-EGS-2; *United States v. Michael Lopatic Sr.*, 21-

---

[2] In his reply, the defendant suggests that he less culpable than Klein because "Mr. McCaughey may himself have been partially lured into the tunnel – and deeper therein – by Klein." The government is not aware of any evidence, nor has the defendant cited any evidence, to support this claim. (Def.'s Reply, ECF 35, n. 12).

[3] The United States did not analogize defendant Klein to defendant McCaughey in its written briefing. However, when specifically asked by the *Klein* Court to discuss other detained rioters who had been inside of the tunnel, undersigned counsel addressed defendant McCaughey so as not to withhold pertinent information from the Court.

cr-35-EGS-3; *United States v. Jack Wade Whitton*, 21-cr-35-EGS-5;; *United States v. Edward Lang*, 21-cr-53-CJN; bond *United States v. Kyle Fitzsimons*, 21-CR-158; *United States v. Peter Schwartz*, 21-cr-178-AMP; *United States v. Daniel Caldwell*, 21-CR-181; *United States v. Jose Padilla*, 21-CR-214; *United States v. Shane Jenkins*, 21-cr-245-APM; *United States v. Mark Ponder*, 21-cr-259-TSC; *United States v. Jeffrey McKellop*, 21-cr-268-CJN; *United States v. Thomas Sibick*, 21-cr-291; *United States v. Grady Owens*, 21-cr-286-BAH; *United States v. David Judd*, 21-mj-334-GMH.  This list includes only detained defendants charged with officer assaults committed on the Lower West Terrace.  It does not include individuals who have not yet been arrested, nor does it include individuals who have been charged with officer assaults in other parts of the Capitol Building or Grounds.  Defendant McCaughey, who is charged with multiple crimes of violence for assaulting multiple officers, is detained along with numerous similarly situated defendants.

## **CONCLUSION**

WHEREFORE, the United States respectfully opposes the defendant's motion to reopen the detention hearing and asks that the court continue to detain the defendant pending trial.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793


By: __/s/ *Jocelyn Bond*_____
JOCELYN BOND
Assistant United States Attorney
D.C. Bar Number 1008904
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 809-0793