IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.  Case No.:  21-cr-40-1 (TNM)

PATRICK MCCAUGHEY,

Defendant.

**MOTION IN LIMINE TO PRECLUDE CLAIM OF SELF-DEFENSE**

The United States of America respectfully moves in limine to preclude the defendant from raising a claim of self-defense. The available facts, as a matter of law, do not support a claim of self-defense because they show that the defendant was the initial aggressor, attacking a police line that had only been established because the police had been forced to fall back due to the actions of the mob. In the alternative, the government requests that the defendant provide a pre-trial proffer of facts to allow the parties to argue, and the Court to decide, whether the defendant is entitled as a matter of law to assert self-defense.

**INTRODUCTION**

Defendant McCaughey is charged with three counts of assaulting, resisting, or impeding a federal officer. In Count 14 of the indictment, McCaughey is charged with assaulting, resisting, or impeding a federal officer and aiding and abetting, in violation of 18 U.S.C. § 111(a)(1) and 2. In Counts 24 and 25 of the indictment, McCaughey is charged with assaulting, resisting, or impeding a federal officer with a deadly or dangerous weapon, that is, a shield, in violation of 18 U.S.C. § 111(a)(1) and (b).

To meet its burden of proof at trial, the government will seek to admit video evidence showing the defendant committing three separate instances of assaultive conduct, when he joined

the mob in overwhelming law enforcement on the West Front of the U.S. Capitol and forced their way into the "tunnel" created by the structures present on the Lower West Terrace. Specifically, at approximately 2:49 p.m., McCaughey joined other rioters in the tunnel, appearing to follow the commands of his co-defendant Tristan Stevens, in throwing his body on the backs of other rioters, pushing in a concerted effort against the police line guarding the entrance to the Capitol building. (Count 14). McCaughey then made his way to the front of the line of rioters and began pushing against the police line with a stolen riot shield, crushing Metropolitan Police Department Officer Daniel Hodges in the door. (Count 24). While McCaughey was pushing against Officer Hodges, the officer attempted to repel McCaughey with his police baton. As he forcefully pushed Officer Hodges with the shield, McCaughey verbally engaged Hodges, making comments such as, "come on man, you are going to get squished just go home," "don't try and use that stick on me boy," and "just go home." While he was being assaulted by McCaughey, Officer Hodges screamed as McCaughey pinned the officer's body between a stolen riot shield and the lower west terrace door. This attack was caught on video by journalist Jon Farina, and was posted to YouTube.



After Officer Hodges extricated himself from the doorframe, McCaughey continued his efforts to break through the police line. McCaughey repeatedly struck multiple officers with the stolen riot shield, including Metropolitan Police Department Officer Henry Foulds who moved

toward the front of the police line after Officer Hodges moved to safety. (Count 25). No other rioters were pressed up against McCaughey as he repeatedly and forcefully began striking Officer Foulds with the shield while yelling "get out of our house." This encounter is caught on the body worn camera of another officer, as well as in the above-mentioned video by journalist Jon Farina.



This evidence shows that the defendant attacked each officer without provocation.

## ARGUMENT

Section 111 makes it a crime to "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with" a federal officer in the performance of the officer's duties. 18 U.S.C. § 111(a)(1). A defendant charged under Section 111 may assert, as an affirmative defense, a theory of self-defense, "which justifies the use of a reasonable amount of force against an adversary when a person reasonably believes that he is in immediate danger of unlawful bodily harm from his adversary and that the use of such force is necessary to avoid this danger." *United States v. Middleton*, 690 F.2d 820, 826 (11th Cir. 1982).

3

"A defendant cannot claim self-defense if he was the aggressor or if he provoked the conflict upon himself." *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018) (internal quotation marks and citation omitted). That principle applies fully to Section 111 prosecutions. *See, e.g.*, *United States v. Mumuni Saleh*, 946 F.3d 97, 110 (2d Cir. 2019) ("Mumuni was the initial aggressor in the altercation with Agent Coughlin; as such, he could not, as a matter of law, have been acting in self-defense."); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) ("[A]n individual who is the attacker cannot make out a claim of self-defense as a justification for an assault.").

The proffered video evidence demonstrates that the defendant was the initial aggressor in each of the charged assaults this case. Neither Officer Hodges nor Officer Foulds applied force to the defendant at any point before these assaults. Indeed, the video evidence shows that Hodges made only incidental and non-forceable contact with McCaughey while attempting to use his baton to fend him off. Officer Foulds never made contact with the defendant. Any contact made by officers attempting to push back the crowd were incidental contacts with the defendant when trying to keep order. Crowd control measures, like use of OC spray, batons and shields, were not provocation, but defensive responses to stop the mob from entering the U.S Capitol building. It was the defendant who initiated a violent physical attack by using the stolen riot shield to attack the officers. He therefore cannot, as a matter of law, seek acquittal on the Section 111 charge by asserting self-defense.

Other circumstances depicted in the videos do not bear on the elements of self-defense. Defendant may have objected to law enforcement's presence at the U.S. Capitol, their effort to detain other individuals at the scene, or their directives that he move from his position and leave the area. None of that matters. *See United States v. Urena*, 659 F.3d 903, 907 (9th Cir. 2011) (observing that "harsh words from another, insulting words, demeaning words, or even fighting

4

words" does not provide license to "stab the offending speaker in the neck, bash their skull with a baseball bat, send a bullet to their heart, or otherwise deploy deadly force in response to the insult"). Because the defendant "was the attacker" in this case, *ibid.*, he cannot advance a self-defense theory.

## CONCLUSION

For these reasons, the United States respectfully moves the Court to preclude the defendant from raising a claim of self-defense or, in the alternative, require the defendant to make a pre-trial proffer of facts that would permit the Court to decide whether he is entitled as a matter of law to assert self-defense.

Dated June 3, 2022.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY: \_\_\_/s/_____
KIMBERLY L. PASCHALL
Assistant United States Attorney
Capitol Siege Section
D.C. Bar No. 1015665
601 D Street, N.W.,
Washington, D.C. 20530
202-252-2650
Kimberly.Paschall@usdoj.gov