UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No.  1:21 c r40 (TNM) |
| | : | |
| v. | : | |
| | : | |
| PATRICK MCCAUGHEY III, | : | |
| | : | |
| Defendant. | : | August 24, 2022 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### **DEFENDANT MCCAUGHEY'S TRIAL BRIEF RE: ELEMENTS**

The defendant Patrick McCaughey III concurs with the elements as set forth by the Government (ECF# 422) with one crucial exception:  For the counts involving alleged use of a "deadly or dangerous weapon," to wit, Counts 24 & 25 (18 U.S.C. §111(b)), and Counts 37 and 45 (18 U.S.C. §1753(b)(1)(A)), there should be one element in addition to those set forth by the Government as to those offenses, as follows:

***"The object must be capable of causing serious bodily injury or death to another person and the defendant must use it in that manner."***

This language is taken directly from *U.S. v. Arrington*, 309 F.3d 40, 45 (DC Cir. 2002), a case involving the alleged use of an automobile which, as in the riot shield at issue herein, is not designed to be a dangerous or deadly weapon.

> "But what if the weapon is one that is deadly only if used in a certain manner, like Arrington's car? To this query, the government responds that a distinction between the two kinds of weapons is indeed appropriate. For an object that is not inherently deadly, the government concedes that the following additional element is required: (4) the object must be capable of causing serious bodily injury or death to another person and the defendant must use it in that manner.  *Id*. (citing, *United States v. Murphy*, 35 F.3d 143, 147 (4th Cir.1994); 1 Leonard B. Sand et al., *Modern Federal Jury Instructions* (Criminal) ¶ 14.01, at 14–25 (2002);

2 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* (Criminal) § 24.06, at 68, 71 (5th ed.2000). That is, for a car to qualify as a deadly weapon, the defendant must use it as a deadly weapon and not simply as a mode of transportation."

In this case, if the defendant was using the defensive riot shield defensively and not in a manner likely to cause serious physical injury or death, then he ought not be convicted of the subject counts.

Dated:   Stamford, Connecticut
         August 24, 2022

By: _____Lindy R. Urso_____
Lindy R. Urso
Attorney at Law
Bar No.: ct 20315
810 Bedford Street, Suite 3
Stamford, CT 06901
Tel: (203) 325-4487
Fax:  (203) 357-0608
Email: lindy@lindyursolaw.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed and served electronically on all parties of record, on this 24th day of August in the year of our Lord 2022.

_____Lindy R. Urso_____
Lindy R. Urso